UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

IVÁN BLANCO-JIMÉNEZ, etc.,

    Plaintiff,

v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

Civil No. 3:15-cv-01214 (JAF)

**OPINION AND ORDER**

Plaintiff, Mr. Iván Blanco-Jiménez, personally and on behalf of his minor son, C.B.V., a child with disabilities, brings this action for attorney's fees and costs pursuant to section 1415(i)(3)(B) of the Individuals with Disabilities Education Act (hereinafter "IDEA"), 20 U.S.C. § 1415(i)(3)(B). (Docket Nos. 1, 11, & 12). IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorneys' fees and costs to the parents of a child with a disability who is a prevailing party in an administrative proceeding. *See* 20 U.S.C. § 1415(i)(3)(B). *See also* 34 C.F.R. § 300.517(a)(1)(i) (2010).

In the verified complaint, Plaintiff requests an award of the attorney's fees and costs incurred in administrative proceeding number 2013-003-007, plus additional fees and costs incurred in the present litigation. (Docket No. 1 at 5). Plaintiff seeks fees computed at an hourly rate of $135 per hour for the work of Attorney Francisco J. Vizcarrondo-Torres and $50 per hour for the work of paralegal Marta Díaz-Fonseca,

totaling 28.2 hours and $3,306.25 through March 10, 2015, plus an additional $523.70 in costs, for a total request of $3,619.45.[1]

20 U.S.C. § 1415(i)(3)(B) provides that "[i]n any action or proceeding brought under [section 1415 of the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." "Under the IDEA, . . . the aggrieved child's parents . . . . may seek attorneys' fees as prevailing parties" through its fee-shifting provision. *Smith v. Fitchburg Pub. Sch.*, 401 F.3d 16, 18 n.1 (1st Cir. 2005). The fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection." 20 U.S.C. § 1415(i)(3)(C). The First Circuit has explained that the IDEA's fee-shifting provision should be interpreted in a manner consistent with the fee-shifting statute of the Civil Rights Act, 42 U.S.C. § 1988(b), and other similar fee-shifting statutes. *Doe v. Boston 2 Pub. Sch.*, 358 F.3d 20, 26 (1st Cir. 2004).

Defendants stipulate that Plaintiff prevailed in the administrative hearing and is entitled to attorney's fees and costs under the IDEA. There is no dispute over the reasonableness of the hourly rate charged. "Fees are presumptively reasonable where the requesting party has multiplied a reasonable hourly rate by the number of hours reasonably spent on litigation." *See Gay Officers Action League v. Puerto Rico*, 247 F.3d

---

[1] Plaintiff also indicated their intent to supplement the motion for attorneys' fees to include those incurred since the filing of the Verified Complaint.

288, 293 (1st Cir. 2001) (*citing Hensley*, 461 U.S. at 433). The First Circuit has adopted the "lodestar approach," in which "the trial judge must determine 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (*citing Hensley*, 461 U.S. at 433). In the lodestar method, "the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *Id.* (*citing Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992)).

The logged hours are reasonably spent on litigation unless "duplicative, unproductive, or excessive." *Id.* In addition, after calculation of the initial "amount of the award, attorney's fees may be reduced because of (1) the overstaffing of a case, (2) the excessiveness of the hours expended on the legal research or the discovery proceedings, (3) the redundancy of the work exercised, or (4) the time spent on needless or unessential matters." *Serrano v. Ritz-Carlton San Juan Hotel Spa & Casino*, 808 F. Supp. 2d 393, 398 (D.P.R. 2011) (*quoting Ramos v. Davis & Geck, Inc.*, 968 F. Supp. 765, 775 (D.P.R. 1997)) (internal quotation marks omitted)).

Defendants object, however, to specific time entries of Plaintiff's request and seek a reduction of $1,020.10 for entries they deem as repetitive, unproductive, excessive, and/or constituting "mere clerical tasks." Specifically, Defendants seek a $750.00 reduction for drafting and reviewing documents, and planning and preparing for the administrative hearing; $237.60 for meetings, telephone conferences, and/or e-mail

communications with the client; and $67.50 for e-mail communications with the client, administrative law judges, and Defendants' counsels.

First, the court finds that the hourly rate requested is reasonable. This court has previously found that $135.00 per hour for Attorney Vizcarrondo's work is reasonable. *Hernandez-Melendez v. Puerto Rico*, No. 3:14-cv-01493-JAF, slip op, 2014 WL 4260811, at *2 (D.P.R., Aug. 29, 2014) ("Based on Attorney Francisco J. Vizcarrondo-Torres' expertise and experience the rate of $135.00 per hour is found to be appropriate, if not at the lower end for attorneys in the Puerto Rico community.") Plaintiff has met the burden to show the reasonableness of the hourly rate. Defendants do not object to the hourly rate.

Similar to *Hernandez-Melendez*, Defendants want this court to apply a 40% reduction in the fees requested stating that the time spent by Attorney Vizcarrondo-Torres was excessive. Once again, the court disagrees. Attorney Vizcarrondo-Torres spent 8.7 hours reviewing and drafting pleadings and other documents and 3.9 hours preparing for the administrative hearing. Defendants want this court to slice those numbers down by 40%. We decline. A total of 12.6 hours to prepare a successful case before an administrative court is not excessive.

Defendants next seek to cut the attorney's fees by 40% for client communications stating that the entries regarding the communications between Attorney Vizcarrondo-Torres and the client are vague, unnecessary, redundant, unproductive excessive, and repetitive. The court disagrees. Client communication is necessary for a competent attorney to identify the alleged wrong, craft appropriate documents, and adequately

prepare a case. Accordingly, reasonable time spent communicating with a client is compensable. Here, the total time requested for client communication from May 30, 2013, through July 10, 2014, is 4.4 hours. After reviewing the time entries, the court finds that the requested fees are reasonable.

Finally, Defendants seek to deduct $67.50 in fees for a half hour of time billed for drafting email communications it identifies as clerical in nature. The court agrees that "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." *Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992). Here, the Defendants take issue with the following entries:

| | | | | |
|---|---|---|---|---|
| Draft e-mail communication to Mr. Ivan Blanco re: enclosing for client's review and file a digitalized copy of the duly filed administrative complaint. | 6/3/13 | .10 | 135 | 13.50 |
| Draft e-mail communication to administrative official Amelia Cintron and DOE's counsel, attorney Flory Mar de Jesus, re: enclosing digitalized copy of motion. | 8/19/13 | .10 | 135 | 13.50 |
| Draft e-mail communication to Mr. Iván Blanco re: enclosing digitalized copy of order rescheduling administrative hearing for client's review and file and discussing its contents. | 9/18/13 | .10 | 135 | 13.50 |
| Draft e-mail communication to Mr. Iván Blanco re: enclosing digitalized copy of urgent motion for client's review and file. | 9/23/13 | .10 | 135 | 13.50 |
| Draft e-mail communication to hearing official Amelia Cintrón and DOE's counsel, attorney Hilton Mercado re: enclosing digitalized copy of urgent motion. | 9/23/13 | .10 | 135 | 13.50 |

The court agrees that three of the above entries are secretarial in nature: June 3, 2013, August 19, 2013, and the second entry on September 23, 2013. However, the entries of September 18, 2013, and the first entry on September 23, 2013, are

compensable attorney fees as they are more than merely attaching a document to an email. Both entries indicate additional communication delivered from Attorney Vizcarrondo-Torres in an attorney's capacity. Accordingly, the court deducts .3 hours for clerical tasks, amounting to a deduction of $40.50 of the requested fees.

Having reviewed the briefs and accompanying documentation, the court finds Plaintiff's fee request is reasonable and, hereby, GRANTS Plaintiff's request for attorney's fees as the prevailing party in the underlying administrative proceeding on behalf of their minor child. Plaintiff is awarded $3,265.75 in attorney's fees and $523.70 in costs, totaling $3,789.45, plus interest. Defendants are jointly and severally liable to Plaintiff in the amount of $3,789.45, plus any interest accrued.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of June, 2015.

<u>S/José Antonio Fusté</u>
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE